*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* BOOKER/COOPER, Minors.

UNPUBLISHED
November 10, 2022

No. 360465
Wayne Circuit Court
Family Division
LC No. 2017-000905-NA

Before: MURRAY, P.J., and CAVANAGH and CAMERON, JJ.

PER CURIAM.

Respondent-mother[1] appeals as of right the trial court's order terminating her parental rights to the minor children, NB and LC,[2] under MCL 712A.19b(3)(i) (parental rights to one or more siblings terminated due to neglect or abuse and prior attempts to rehabilitate the parent have been unsuccessful). We affirm.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

This case arose in October 2021 after Child Protective Services (CPS) workers learned LC was born positive for cocaine. Respondent-mother admitted that she used cocaine throughout her pregnancy and had engaged in domestic violence with LC's father. Respondent-mother's older child, NB, was previously the subject of a guardianship with her maternal grandmother, but the guardianship had lapsed. CPS workers engaged respondent-mother in a safety plan, but she refused to cooperate.

On the basis of these circumstances, the Department of Health and Human Services (DHHS) filed a petition seeking the trial court's jurisdiction over NB and LC. The petition asked the trial court to terminate respondent-mother's parental rights. The trial court authorized the

---

[1] The trial court terminated parental rights to NB's unknown father. Although LC's father was a respondent in the trial court proceedings, the Department of Health and Human Services (DHHS) did not seek termination of his parental rights. Neither father is a party to this appeal.

[2] Respondent-mother has four other children. The trial court terminated her parental rights to these children several years earlier.

petition. At the termination hearing, respondent-mother entered a plea admitting there were statutory grounds to terminate her parental rights. The trial court conducted a separate best-interests hearing, finding termination was in the best interests of the children. This appeal followed.

## II. STATUTORY GROUNDS

Respondent-mother first argues the trial court erred in finding statutory grounds to terminate her parental rights. We disagree.

### A. PRESERVATION AND STANDARD OF REVIEW

Respondent-mother argues on appeal that she preserved her challenge to statutory grounds for termination because she disputed the trial court's finding of statutory grounds during closing arguments. In making this argument, respondent-mother fails to recognize that she pleaded to statutory grounds at the termination hearing and she did not move to withdraw her plea, nor did she argue that her plea was not knowingly, voluntarily, or understandably given. Therefore, the question of statutory grounds for termination is unpreserved. See *In re Pederson*, 331 Mich App 445, 462; 951 NW2d 704 (2020).

Normally, this Court reviews challenges to a trial court's finding of statutory grounds for termination under the clear error standard of review. *In re Hudson*, 294 Mich App 261, 264; 817 NW2d 115 (2011). However, unpreserved challenges such as these are reviewed for plain error. *In re Pederson*, 331 Mich App at 463. "To avoid forfeiture under the plain-error rule, the proponent must establish that a clear or obvious error occurred and that the error affected substantial rights . . . . An error affects substantial rights if it caused prejudice, i.e., it affected the outcome of the proceedings." *In re Beers*, 325 Mich App 653, 677; 926 NW2d 832 (2018) (quotation marks and citations omitted).

### B. LAW AND ANALYSIS

The trial court terminated respondent-mother's parental rights under MCL 712A.19b(3)(i). Termination is proper under this subsection when "[p]arental rights to 1 or more siblings of the child have been terminated due to serious and chronic neglect or physical or sexual abuse, and the parent has failed to rectify the conditions that led to the prior termination of parental rights." MCL 712A.19b(3)(i).

It is undisputed that respondent-mother's parental rights to her other children were previously terminated, which is one of the elements of MCL 712A.19b(3)(i). This subsection also requires that the prior termination involve serious and chronic neglect or physical or sexual abuse, and that prior attempts at rehabilitation were unsuccessful. MCL 712A.19b(3)(i). It further requires the trial court "to determine the success of prior rehabilitative efforts as of the date of the termination hearing." *In re Gach*, 315 Mich App 83, 94; 889 NW2d 707 (2016). In this case, respondent-mother admitted during her plea that her parental rights to four other children were previously terminated due to serious and chronic neglect. She further admitted that she had used illegal substances while pregnant with LC and that she had been in a volatile relationship with the child's father that involved domestic violence. Respondent-mother's admissions established a factual basis for the trial court to find that her parental rights to her other children were previously

terminated because of serious and chronic neglect, and that prior rehabilitative efforts were unsuccessful. Therefore, there is no plain error in the trial court's finding that termination was proper under MCL 712A.19b(3)(i).

Even so, respondent-mother makes several arguments challenging the trial court's finding of statutory grounds to terminate her parental rights. She contends that "a prior termination should not serve as the sole basis for terminating parental rights." But, the trial court did not terminate respondent-mother's parental rights based only on her earlier termination. The trial court's finding of statutory grounds for termination was premised on the earlier termination, the fact that the earlier case involved "serious and chronic neglect," *and* because the conditions leading to the earlier termination continued to exist. Cf. *In re Gach*, 315 Mich App at 98-99 (concluding MCL 712A.19b(3)(l) was unconstitutional because it limited a finding of statutory grounds for termination based solely on whether a respondent's parental rights were previously terminated.).

Respondent-mother also argues the trial court erred in finding statutory grounds because (1) she encountered technical difficulties during the termination hearing; (2) she and LC's father were similarly situated in their ability to care for the children; and (3) she was entitled to a treatment plan. These arguments are made in a perfunctory fashion and respondent-mother offers no corresponding argument in support of these assertions. "A party cannot simply assert an error or announce a position and then leave it to this Court to discover and rationalize the basis for [their] claims, or unravel and elaborate [their] argument, and then search for authority either to sustain or reject [their] position." *In re TK*, 306 Mich App 698, 712; 859 NW2d 208 (2014) (quotation marks, alterations, and citation omitted). Therefore, these arguments are abandoned on appeal and we decline to consider them now.

### III. BEST INTERESTS

Respondent-mother next argues the trial court erred in terminating her parental rights because termination was not in the children's best interests. We disagree.

### A. STANDARD OF REVIEW

Once a statutory ground for termination has been established, the trial court must find that it is in the child's best interests to terminate parental rights. MCL 712A.19b(5); *In re Olive/Metts Minors*, 297 Mich App 35, 40; 823 NW2d 144 (2012). Whether termination is in the best interests of the child must be proved by a preponderance of the evidence. *In re Moss*, 301 Mich App 76, 90; 836 NW2d 182 (2013). This Court reviews for clear error the trial court's determination regarding a child's best interests. *In re White*, 303 Mich App 701, 713; 846 NW2d 61 (2014).

### B. BEST INTERESTS

To make a finding that termination is in the best interests of a child, the trial court may consider:

> [T]he child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home. The trial court may also consider a parent's history of domestic violence, the parent's compliance with his or her case service plan, the parent's

visitation history with the child, the children's well-being while in care, and the possibility of adoption. [*In re White*, 303 Mich App at 713-714 (quotation marks and citation omitted).]

In finding that termination of parental rights was in the children's best interests, the trial court placed great weight on respondent-mother's unwillingness to take responsibility for her conduct, as well as her inability to appreciate their impact on her children. The trial court also noted that nothing had changed since the prior proceedings that led to the termination of respondent-mother's parental rights to four other children, that respondent-mother was unwilling to recognize and accept responsibility for her parenting deficiencies, and that she blamed others for her situation. The record supports these findings.

A CPS investigator testified about her attempts to work with respondent-mother to implement a safety plan for the children to avoid filing a court petition, but respondent-mother's continued domestic violence, lack of cooperation, and argumentative conduct prevented implementation of a safety plan. The psychologist who completed respondent-mother's family assessment testified that respondent-mother failed to fully appreciate the significance or severity of the issues that she was dealing with and how they affected her ability to care for her children. He also expressed concern that respondent-mother minimized the domestic violence in her relationships and glossed over the incidents of violence. The psychologist further opined that termination was in the children's best interests because it would be detrimental for the children to live in an environment with substance abuse and domestic violence.

The trial court's findings are also supported by respondent-mother's conflicting testimony regarding her cocaine use, and her explanations for positive drug tests, which the trial court did not find credible. Respondent-mother admitted to having used cocaine while pregnant with LC when she tendered her plea. During her testimony at the best-interests hearing, she initially claimed that she had used cocaine only once, before she knew she was pregnant, but later testified that she had used cocaine two or three times, knowing that she was pregnant. She attributed a positive drug test in July 2021 to her use of cocaine two months earlier. She admitted testing positive for cocaine in October 2021, but she denied using cocaine before that test, claiming the positive result was caused by cocaine on items in her house that she had touched.

On appeal, respondent-mother argues termination was not in the children's best interests because they are placed with their maternal grandmother, who is willing to take guardianship of the children. Although placement with a relative weighs against termination, a trial court may terminate parental rights if it finds that termination is in the child's best interests. *In re Olive/Metts*, 297 Mich App at 43. The trial court considered the options of a guardianship and continued placement of the children with their grandmother in lieu of terminating respondent-mother's parental rights, but rejected these options because they would not provide the children with permanence and stability. As the trial court found, respondent-mother had not made any progress

toward rehabilitating herself after her parental rights to four other children were previously terminated. Indeed, NB had already been in a guardianship for approximately 10 years and was no closer to being reunited with respondent-mother. All of these findings are supported by the record; therefore, there is no clear error on this basis.

Affirmed.

/s/ Christopher M. Murray
/s/ Mark J. Cavanagh
/s/ Thomas C. Cameron